[No. 20507.  Department One.  August 29, 1927.]

T. J. McMann, *Plaintiff*, v. Fred M. Lee *et al.; Appellants and Defendants*, Scott Z. Henderson *et al.,* *Garnishee-Defendants and Respondents.*[1]

[1] SALES (8)—CONSIDERATION.  There was shown a sufficient consideration for the assignment and sale of an interest in foxes, libeled by the Federal government, and for contracts for their purchase, where it appears that there were unsettled accounts and claims against the assignor, involved in litigation, who employed the assignee therein as attorney and "for value received" bargained, sold, and assigned his interests to the assignee; and that, in the trial that followed, the assignor accepted the assignee's services, appeared as a witness and never questioned the assignment.

Appeal from a judgment of the superior court for King county, Douglas, J., entered July 26, 1926, upon findings in favor of the garnishee defendants, in an action on contract, tried to the court.  Affirmed.

*Falcon Joslin* and *Wm. Martin,* for appellants.

*Rummens & Griffin* and *Lyle, Henderson & Carnahan,* for respondents.

MITCHELL, J.—T. J. McMann of Seattle, as agent for Fred M. Lee of Edmonton, Alberta, Canada, sold to Scott Z. Henderson and others of this state, each, a pair of foxes in the latter part of the year 1923.  The foxes were shortly delivered.  At the same time, McMann and Lee each furnished a pair of foxes.  Together, all of the parties formed a partnership for the purpose of raising foxes, holding in common the stock thus furnished.  Being let into the partnership, McMann and Lee agreed, as claimed by the others, to let the other partners have the foxes at cost, plus

[1]Reported in 258 Pac. 1029.

importation duties and shipping charges. The price for each pair of foxes was the same and named in the contract. Generally speaking, the purchasers paid one-half cash. The remainder was to be paid in the future.

McMann sued Lee in the superior court of King county to recover an amount alleged to be due as commission for selling the foxes and, ancillary to that suit, sued out writs of garnishment against the other parties on account of their alleged indebtedness to Lee for the balance due on their contracts. The garnishee defendants answered, each denying indebtedness due or to become due to, or having possession of property belonging to, the defendant. The garnishee defendant Henderson further answered, alleging unsettled accounts between the parties on account of the operation of the fox farm, none of which Lee had paid, and also an assignment, sale and transfer for value to him by Lee of the latter's contracts with all the purchasers and of the foxes described in the contracts. The prayer of his answer was that the writ of garnishment be dismissed and that he be awarded an attorney's fee, together with costs and disbursements; and, in the alternative, that an accounting be had and taken between the plaintiff and the defendant and all members of the partnership referred to, and that the court dispose of such matter in such way as shall be just and equitable.

The defendant Lee controverted the answers of the garnishee defendants, and by way of answer and cross-complaint to the affirmative matter in the answer of garnishee defendant Henderson, alleged, among other things, that the assignment, sale and transfer of the purchase price contracts and of the foxes was without consideration, and prayed that those assignments be canceled. The controversy directly between the plain-

tiff McMann and the defendant Lee is in no way involved in this appeal. Upon the trial of the issues between the defendant Lee and the garnishee defendants, the decision and judgment were in favor of the garnishee defendants. The judgment also provides

". . . that, in view of the foregoing provisions of this decree, no accounting be had or taken in this suit between the defendants and the several garnishee defendants. No phase of an accounting between them is hereby adjudicated."

The defendant Lee has appealed.

[1] There are a number of assignments of error, but our opinion with regard to one feature of the controversy is controlling and renders it unnecessary to notice the other contentions on behalf of the appellant. It relates to the consideration for the assignments of the contracts.

It appears that, shortly after the foxes were delivered, the collector of customs claimed that the foxes had been greatly under-valued by the appellant and his agent for the fixing of the duties upon the importation, and that he threatened to seize, and shortly did seize, the foxes for the purpose of the protection and enforcement of the rights of the Federal government. The purchasers, garnishee defendants, wholly innocent and without knowledge of the true facts, through Mr. Henderson gave their assistance in supplying information to the collector of customs, and it appears that, during their investigation, they learned for the first time that, instead of the sale price of the foxes being cost price to the vendors together with duty and shipping expenses, as had been promised by the vendors upon their being taken into the partnership, the sale price was about four times such cost price to the defendant Lee. It appears further that, because of the discovery by the

purchasers of this overreaching by the vendors, the purchasers informed McMann they would not make further payments and demanded return of payments already made.

The customs officials were not satisfied with the showing made by Lee and McMann, and the result was that, in September, 1924, a libel of information on behalf of the United States against the foxes was instituted in the United States District Court, Western District of Washington, Northern Division. In the meantime, appellant Lee, being in Canada, desiring counsel to assist him in his controversy with the government, authorized his agent McMann to employ counsel and, for that purpose, specifically authorized him in writing to use the balance claimed by him to be due upon the purchase price contracts of the foxes. McMann had the contracts in his possession at that time.

Accordingly, Mr. Henderson was employed as such attorney and, in making the arrangement with him, Mr. Lee, through Mr. McMann as agent, "for value received" bargained, sold, assigned and transferred all the contracts and foxes described in the contract to Mr. Henderson and delivered the contracts thus assigned to him. Mr. Henderson did represent Mr. Lee as attorney and in his answer to the libel information alleged, among other things, the assignment by Lee of all the contracts to Mr. Henderson. Appellant Lee was a witness in the trial of the case in the Federal court. He and an attorney in his employ, who did not appear of record in that case, were made fully aware of all that had been done on his behalf and were furnished a copy of the answer made for him in the libel suit. He made no protest, nor did he, in any way, challenge the assignments of the contracts. The result of the suit in the Federal court was wholly against

the United States.  And now, in the present action, the
appellant claims that the assignments of the contracts
were without consideration.  The assignments upon
their faces and the clear preponderance of the evidence
are to the contrary.  There was a valuable consideration
for the assignments of the contracts.  There is no pre-
tense that any of the garnishee defendants, respond-
ents here, is in any other way obligated to the appel-
lant in debt or in the possession of personal property.

Judgment affirmed.

MACKINTOSH, C. J., MAIN, FULLERTON, and FRENCH,
JJ., concur.